1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TROY T. SMITH,

Plaintiff,

v.

SNOHOMISH COUNTY et al.,

Defendants.

CASE NO. 2:25-cv-00657-TL

ORDER ON MOTION FOR RELIEF
FROM MEET-AND-CONFER
REQUIREMENTS

This matter is before the Court on Defendant Snohomish County's ("the County")

Motion for Relief from the meet-and-confer requirements of the Federal Rules of Civil

Procedure, this District's Local Civil Rules, and this Court's Standing Order for All Civil Cases.

Dkt. No. 29. Having reviewed the motion and the relevant record, the Court GRANTS the

County's motion.

//

//

//

## I.    BACKGROUND

On April 11, 2025, Plaintiff Troy T. Smith filed a complaint against the County, the City of Everett ("the City"), and 50 anonymous J. Doe Defendants. Dkt. No. 1.[1] On July 24, 2025, the County moved for a more definite statement under Federal Rule of Civil Procedure 12(e). Dkt. No. 11. While expressing no opinion on the sufficiency of the complaint, the Court denied the County's motion. Dkt. No. 24.

During the pendency of the County's Rule 12(e) motion, on August 4, 2025, Plaintiff filed a motion stylized as a "formal request to take a specific action." Dkt. No. 15. On September 19, 2025, the Court denied Plaintiff's motion. Dkt. No. 34.

On August 14, 2025, the Court issued a scheduling order regarding initial disclosures and joint status report. Dkt. No. 20. This Order set three deadlines: (1) for the Parties to conduct a Rule 26(f) Conference; (2) for the Parties to make initial disclosures under Rule 26(a)(1); and (3) for the Parties to submit a Joint Status Report and Discovery Plan under Rule 26(f). *Id.* at 1.

On September 8, 2025, the City answered Plaintiff's complaint. Dkt. No. 27. On September 9, 2025, the County answered the complaint. Dkt. No. 28. On September 12, 2025, Plaintiff filed a 54-page "objection" to the City's and County's answers. Dkt. No. 33. In his submission, Plaintiff registered various grievances, including what appears to his disapproval with the City and County's conduct during the Rule 26(f) conference, which took place via videoconference on September 3, 2025. *See id.* at 1. Plaintiff's narrative is difficult to follow,

---

[1] There appears to be some confusion on Plaintiff's part as to the causes of action in this case. *Compare* Dkt. No. 1 (complaint) (pleading four causes of action: malicious prosecution, violation of the First Amendment, violation of the Fifth Amendment, and "*Brady* Violation"), *with* Dkt. No. 48 (objections) (referring, *inter alia*, to "7th amendment violations," "14th amendment violations," and "judicial misconduct"). Plaintiff's complaint (Dkt. No. 1) is the operative pleading in this case. Although Plaintiff filed (Dkt. No. 4), and the Court granted (Dkt. No. 6), a motion for leave to amend the complaint, Plaintiff never filed an amended pleading. At this time, then, only the four causes of action pleaded in the complaint at Docket No. 1 are live claims in this case.

1    however, and the Court cannot easily pinpoint the specific conduct on the part of the City and

2    County to which Plaintiff objects. The exhibits that Plaintiff attached to his submission—which

3    consist of, among other things: (i) court documents from other cases in state and federal court;

4    (ii) annotated mobile-phone screen captures of excerpts of what appears to be email

5    correspondence, artificial-intelligence-generated responses to various queries, search results for

6    various queries, and a photographic head shot of an unidentified individual; and (iii) other hand-

7    written documents prepared by Plaintiff—lack context and do not shed light on his allegations.

8    *See id.* at 5–52. On September 30, 2025, the City and County filed a joint status report but noted

9    that "Plaintiff Smith appears to have refused to collaborate with Defendants' counsel in drafting

10   a joint status report, and therefore Defendants jointly file a Defendant's joint status report to

11   comply with the Court's order." Dkt. No. 36 at 1.

12        The instant motion, which appears to derive in part from Plaintiff's alleged "refus[al] to

13   collaborate" on the Rule 26(f) report, was filed by the County on September 9, 2025. Dkt.

14   No. 29. Plaintiff did not file a *per se* opposition to the County's motion, but the Court construes

15   Plaintiff's September 12, 2025 "objection" (Dkt. No. 33) as a response to the County's motion.

16   *See* LCR 7(b)(2) (obligating non-movant to respond to a motion).

**II.    LEGAL STANDARD**

18        Under Federal Rule of Civil Procedure 26(f), "the parties must confer as soon as

19   practicable—and in any event at least 21 days before a scheduling conference is to be held or a

20   scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Parties are expected to

21   "attempt[] in good faith to agree on the proposed discovery plan, and [to] submit[] to the

22   court . . . a written report outlining the plan." Fed. R. Civ. P. 26(f)(2). Similarly, Local Civil Rule

23   26(f) provides that "parties are expected to cooperate with each other to reasonably limit

24

1    discovery requests, to facilitate the exchange of discoverable information, and to reduce the costs

2    of discovery."

3    　　　The meet-and-confer requirement is not limited to Rule 26. Indeed, the Local Civil Rules

4    provide for several situations where parties are expected to attempt to resolve any issue among

5    themselves prior to seeking the Court's involvement. *See, e.g.*, LCR 5(g)(1)(A) (sealing and

6    redacting court records); LCR 7(j) (extending deadlines); LCR 26(c) (protective orders); LCR

7    30(b) (depositions); LCR 37(a) (discovery disputes); LCR 42(b) (motions to consolidate). Under

8    Local Civil Rule 1(c)(6), "'Meet and Confer' means a good faith conference in person or by

9    telephone to attempt to resolve the matter in dispute without the court's involvement. The court

10    expects a high degree of professionalism and collegiality among counsel during any meet and

11    confer conference." This Court also requires Parties to "make a meaningful effort to confer prior

12    to filing a motion." Judge Tana Lin, Standing Order for All Civil Cases § II.D. Relevant here,

13    "'pro se litigants must follow the same rules of procedure that govern other litigants,'" including

14    the Federal Rules of Civil Procedure and the Western District of Washington's Local Civil

15    Rules." *Scott v. Havens*, No. C25-648, 2025 WL 2624547, at *1 (W.D. Wash. Sept. 10, 2025)

16    (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)).

17    　　　The Court takes meet-and-confer obligations seriously. "The requirement to meet and

18    confer in good faith is not simply a 'formalistic prerequisite' for judicial resolution." *Strickland*

19    *v. City of Auburn*, No. C22-528, 2023 WL 4461224, at *1 (W.D. Wash. June 13, 2023) (quoting

20    *Selim v. Fivos, Inc.*, No. C22-1227, 2023 WL 3172467, at *2 (W.D. Wash. May 1, 2023)); *see*

21    *Beasley v. State Farm Mut. Auto. Ins. Co.*, No. C13-1106, 2014 WL 1268709, at *1 (W.D. Wash.

22    Mar. 25, 2014) ("A good faith effort to resolve discovery disputes requires an exchange of

23    information until no additional progress is possible."). But "the Court has discretion to dispense

24    with the requirements of the meet-and-confer process entirely where it seems unlikely to be

1  fruitful." *Doucette v. IATSE, Loc. No. 33*, No. C24-5242, at *2 (C.D. Cal. Apr. 4, 2025) (citing

2  *Rogers v. Giurbino*, 288 F.R.D. 469, 477 (S.D. Cal. 2012)).

3                                    **III.    DISCUSSION**

4        The County requests that the Court "relieve defense counsel from all requirements to

5  meet with Plaintiff in person or to confer with him verbally and restrict all communication

6  between Plaintiff and defense counsel to writings only." Dkt. No. 29 at 5–6. The Court must

7  balance the objectives of the meet-and-confer requirement with the County's representations that

8  Plaintiff has been uncooperative and has made statements intended to "intimidate and threaten

9  defense counsel." Dkt. No. 29 at 5. For his part, Plaintiff has not denied making the statements

10  that the County has characterized as intimidating and threatening.

11        "[T]he purpose of a meet and confer requirement is for the parties to engage in a

12  meaningful dialogue about their respective positions on a disputed issue to see whether they can

13  resolve (or at least refine) the disputes without court intervention, saving time and money for the

14  litigants as well as the court system." *Dairy v. Harry Shelton Livestock, LLC*, No. C18-6357,

15  2020 WL 6269541, at *1 (N.D. Cal. Oct. 23, 2020). The Court is unwilling to prohibit *all* verbal

16  communication between the Parties; limiting interactions to nonverbal communication is too

17  drastic and, ultimately, counterproductive as a means of resolving a legal dispute. But given the

18  unrefuted descriptions of Plaintiff's conduct at the Rule 26(f) conference (*see, e.g.*, Dkt. No. 30

19  (Severson Decl.) ¶¶ 4–10; Dkt. No. 31 (Lee Decl.) ¶¶ 4–8; Dkt. No. 32 (Verbarendse Decl. ¶¶ 3–

20  9)), it appears that oral conferences between the Parties are likely to be unfruitful as a means of

21  engaging in meaningful dialogue. Therefore, though the Parties need not hold a "face-to-face

22  meeting or a telephone conference" (LCR 37(a)(1)) prior to seeking the Court's intervention in

23  resolving a dispute. Even so, they must nevertheless engage in a meaningful written dialogue and

24  make a good-faith attempt to resolve or narrow the dispute. "If the court finds that counsel for

any party, or a party proceeding pro se, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in [Local Civil Rule] 11 of these rules." LCR 37(a)(1). Further, after conferring in writing, should the Parties still require the Court to intervene, the Parties must utilize the expedited joint motion procedure described in Local Civil Rule 37(a)(2).

## IV.   CONCLUSION

Therefore, the County's motion (Dkt. No. 29) is GRANTED. It is hereby ordered:

(1)    The Parties are relieved from the requirement of holding a "face-to-face or a telephone conference" prior to seeking the Court's intervention in resolving disputes. However, the Parties SHALL engage in a meaningful, good-faith written correspondence as a substitute.

(2)    When seeking the Court's intervention, the Parties SHALL utilize the expedited joint motion procedure provided for in Local Civil Rule 37(a)(2).

(3)    Nothing in this Order SHALL be understood as the Court's imposition of a restriction on the Parties' ability to engage in oral communication with one another, provided they can find a productive way to do so.

Dated this 7th day of October 2025.

Tana Lin
United States District Judge