UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TROY T. SMITH,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>SNOHOMISH COUNTY et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:25-cv-00657-TL<br><br>ORDER ON MOTION TO COMPEL FAIR DISCLOSURE |

This matter is before the Court on Plaintiff Troy T. Smith's "Motion to Compel Fair Disclosure," which Plaintiff filed on October 6, 2025. Dkt. No. 38. Having reviewed the motion and the relevant record, the Court GRANTS IN PART and DENIES IN PART the motion.

**I.　DISCUSSION**

The Court identifies two principal arguments in Plaintiff's motion. First, Plaintiff appears to assert that the joint status report (Dkt. No. 36) filed by Defendant Snohomish County ("the County") and Defendant City of Everett ("the City") was unfair, in that it "contains material misrepresentations, is biased, and violates ethical rules by creating an unbalanced view of the

ORDER ON MOTION TO COMPEL FAIR DISCLOSURE – 1

1   case." Dkt. No. 38 at 1. Second, Plaintiff appears to request that he be permitted to present to the

2   Court a separate version of a status report. *See id.* at 3.

3       As to the first argument, the Court notes that it only considers filings that are submitted to

4   the docket. The relevant docket entry here is the City and County's joint status report (Dkt.

5   No. 36). First of all, the status report is "joint" in the sense that it represents the positions of two

6   Defendants—the City and the County. It does not purport to represent Plaintiff's position, a fact

7   that is made clear by the blank entries where Plaintiff would have been expected to present his

8   position(s). *See, e.g.*, *id.* at 1, 2, 5. Moreover, the document has not been signed by Plaintiff,

9   indicating that Plaintiff does not endorse any of the statements contained within it. *See id.* at 7.

10  Plaintiff's motion provides substantial details pertaining to his version of how the City and

11  County created the status report—and the unfairness that he believes permeated their process—

12  but as stated above, the Court concerns itself with the sausage, and not necessarily with how it

13  was made. Although Plaintiff may disagree with the City and County's representations in the

14  status report, there is nothing in the submission that is inherently unfair, and the Court recognizes

15  Plaintiff's refusal to contribute to or to sign the document as indicative that he does not agree

16  with its content. To the extent, then, that Plaintiff's motion requests that the Court strike or

17  disregard the City and County's report, the motion is DENIED.

18      However, the Court still requires the information that Plaintiff refused to provide in the

19  status report. To the extent, then, that Plaintiff seeks to independently provide the Court with a

20  status report, Plaintiff's motion is GRANTED.[1]

21      Plaintiff must, however, limit the information he provides to the specific items listed in

22  Section IV of the Court's Scheduling Order (Dkt. No. 20), which the Court will repeat below to

---

[1] The Court thus modifies its prior order that "No separate [status] reports are to be filed." Dkt. No. 20 at 6.

ORDER ON MOTION TO COMPEL FAIR DISCLOSURE – 2

be clear as to the information to be provided at this time. Plaintiff must provide the following information,[2] and **the Court will disregard any assertions or arguments that stray beyond the following:**[3]

    1.    A statement of the nature and complexity of the case.

    2.    The Parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Magistrate Judge Rule 13, to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this District thus have significant experience in all types of civil matters filed in our court. Additional information about our District's Magistrate Judges can be found at www.wawd.uscourts.gov. The Parties should indicate whether they agree that the Honorable Theresa L. Fricke may conduct all proceedings in this case, including trial and the entry of judgment. When responding to this question, the Parties should only respond "yes" or "no." A "yes" response should be indicated only if all Parties consent. Otherwise, a "no" response should be provided. Individual Party responses should not be provided.

    3.    A proposed deadline for joining additional Parties.

    4.    A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the Parties' views and proposals on all items set forth in FRCP 26(f)(3), which include the following topics:

        (A)   initial disclosures;

---

[2] Items requested in the initial scheduling order that are clearly inapplicable to this case have not been included.

[3] To that end, Plaintiff's "Definition of a Combined Joint Status Report and Discovery Plan" (Dkt. No. 39) is stricken. This submission contains substantial information that is both extraneous to this case and superfluous to a status report—including, for example, unpleaded allegations (*id.* at 2–3, 5), and a prayer for relief/settlement demand (*id.* at 4).

ORDER ON MOTION TO COMPEL FAIR DISCLOSURE – 3

     (B)  subjects, timing, and potential phasing of discovery;

     (C)  any issues about discovery or electronically stored information;

     (D)  privilege issues;

     (E)  changes to discovery limitations imposed under the Federal and Local Civil Rules or other proposed limitations on discovery; and

     (F)  the need for any discovery-related orders.

  5.  The Parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

     (A)  prompt case resolution;

     (B)  alternative dispute resolution;

     (C)  related cases;

     (D)  discovery management;

     (E)  anticipated discovery sought;

     (F)  phasing motions;

     (G)  preservation of discoverable information;

     (H)  privilege issues;

     (I)  Model Protocol for Discovery of ESI; and

     (J)  alternatives to the Model Protocol.

  6.  The date by which discovery will be completed. The Court generally does not set separate fact discovery or expert disclosure deadlines and expects the Parties to manage the sequencing of discovery. If the Parties specifically want separate fact and expert discovery deadlines, the Parties should include them in this section of the Report.

7. Whether the case should be bifurcated, *e.g.*, by trying the liability issues before the damages issues.

8. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for economy.

9. Whether the Parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2.

10. Whether the Parties intend to utilize any Alternative Dispute Resolution ("ADR") options set forth in Local Civil Rule 39.1.

11. Any other suggestions for shortening or simplifying the case.

12. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Report. If the Parties will be proposing a trial date more than fourteen (14) months from the date of the filing of the Report, the Parties shall include in this section of the Report an explanation as to why the additional time is required. While the Court will attempt to accommodate the Parties' preferred trial date(s), the trial date will be set based on the Court's calendar. Additionally, the Court's preferred pretrial schedule is available for the Parties' review at https://www.wawd.uscourts.gov/judges/lin-procedures. If the Parties wish to deviate from the Court's preferred schedule, the Parties shall propose an alternative schedule and explain the specific need for that alternative schedule in this section of the Report.

13. Whether the trial will be a jury or non-jury trial.

14. The number of trial days required. The Parties should plan for five (5) hours of testimony each day.

15. The names, addresses, and telephone numbers of all Trial Counsel.

16. The dates on which Trial Counsel may have conflicts or other complications to be considered in setting a trial date.

17. Whether any Party wishes to have a scheduling conference in advance of the Court's entry of a scheduling order in the case.

18. A certification that all Counsel and any *pro se* Parties have reviewed Judge Lin's Chambers Procedures, the Local Rules, General Orders, and the applicable Electronic Filing Procedures.

19. A certification that all Counsel and any *pro se* Parties have reviewed and complied with Judge Lin's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges.

\* \* \*

Finally, as the Court discussed in a prior order, Plaintiff's case is limited to the causes of action that he has formally pleaded. *See* Dkt. No. 40 at 2 n.1. Plaintiff has *not* pleaded anything having to do with spoliation of evidence or his right to a jury trial under the Seventh Amendment, nor has he pleaded a cognizable action for unlawful taking or double jeopardy under the Fifth Amendment. *See* Dkt. No. 1 (complaint). Unless and until Plaintiff properly moves to amend his complaint[4] under Federal Rule of Civil Procedure 15, he cannot continue to assert claims that he has not pleaded. *See, e.g.*, Dkt. No. 38 at 6 (alleging spoliation of evidence and a violation of the Seventh Amendment).

---

[4] The Court previously granted Plaintiff leave to amend his complaint (*see* Dkt. No. 6), but Plaintiff did not file an amended complaint. If Plaintiff intends to amend his complaint, he will need to request the Court's permission to do so or, in the alternative, obtain Defendants' written consent. *See* Fed. R. Civ. P. 15(a)(2); LCR 15.

ORDER ON MOTION TO COMPEL FAIR DISCLOSURE – 6

## II. CONCLUSION

Therefore, Plaintiff's motion (Dkt. No. 38) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED:

(1) Plaintiff SHALL file a status report in accordance with this Order **no later than October 20, 2025**;

(2) The Clerk is DIRECTED to strike Docket No. 39.

Dated this 8th day of October 2025.

Tana Lin
United States District Judge