UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TROY T. SMITH,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>SNOHOMISH COUNTY et al.,<br><br>　　　　　　Defendants. | CASE NO. 2:25-cv-00657-TL<br><br>ORDER ON STATUS REPORTS |

**I.   DISCUSSION**

This matter is before the Court on Plaintiff's Motion to Vacate Joint Status Report. Dkt. No. 44. Plaintiff takes issue with the Docket's characterization of Defendants' Joint Status Report (Dkt. No. 36) as having been "signed by all parties." *See* Dkt. No. 44 at 1. The Court has explained that "the status report is 'joint' in the sense that it represents the positions of two Defendants" and "does not purport to represent Plaintiff's position." Dkt. No. 42 (Order on Motion to Compel Fair Disclosure) at 2. Still, in the interest of clarity, the Court GRANTS

ORDER ON STATUS REPORTS – 1

1  Plaintiff's motion and STRIKES Defendants' Joint Status Report (Dkt. No. 36). Defendants are
2  ORDERED to re-file their Status Report with Defendants' position(s) and proposals exclusively.
3      The Court also STRIKES Plaintiff's Status Report (Dkt. No. 43), because Plaintiff failed to
4  provide the Court with the information it requested when it ordered Plaintiff to file a Status
5  Report. *See* Dkt. No. 42 at 3–6 ("Plaintiff must provide the following information, and **the**
6  **Court will disregard any assertions or arguments that stray beyond the following** . . . .").
7  The purpose of a status report is to provide the Court with basic information that allows it to set a
8  case schedule and move the case forward. To that end, Plaintiff should not include argumentation
9  in his status report; such material should be reserved for use in motions or in responses or replies
10  to motions. Plaintiff is thus ORDERED to submit a status report *that comports with the Court's*
11  *instructions*. Plaintiff SHALL include in his status report the following information in numbered
12  paragraphs that correlate to the following items. Plaintiff SHALL address only these items:
13      1.   A statement of the nature and complexity of the case.
14      2.   The Parties have the right to consent to assignment of this case to a full time
15  United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Magistrate Judge Rule
16  13, to conduct all proceedings. The Western District of Washington assigns a wide range of
17  cases to Magistrate Judges. The Magistrate Judges of this District thus have significant
18  experience in all types of civil matters filed in our court. Additional information about our
19  District's Magistrate Judges can be found at www.wawd.uscourts.gov. The Parties should
20  indicate whether they agree that the Honorable Theresa L. Fricke may conduct all proceedings in
21  this case, including trial and the entry of judgment. When responding to this question, the Parties
22  should only respond "yes" or "no." A "yes" response should be indicated only if all Parties
23  consent. Otherwise, a "no" response should be provided. Individual Party responses should not
24  be provided.

3. A proposed deadline for joining additional Parties.

4. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the Parties' views and proposals on all items set forth in FRCP 26(f)(3), which include the following topics:

    (A) initial disclosures;

    (B) subjects, timing, and potential phasing of discovery;

    (C) any issues about discovery or electronically stored information;

    (D) privilege issues;

    (E) changes to discovery limitations imposed under the Federal and Local Civil Rules or other proposed limitations on discovery; and

    (F) the need for any discovery-related orders.

5. The Parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

    (A) prompt case resolution;

    (B) alternative dispute resolution;

    (C) related cases;

    (D) discovery management;

    (E) anticipated discovery sought;

    (F) phasing motions;

    (G) preservation of discoverable information;

    (H) privilege issues;

    (I) Model Protocol for Discovery of ESI; and

    (J) alternatives to the Model Protocol.

6.   The date by which discovery will be completed. The Court generally does not set separate fact discovery or expert disclosure deadlines and expects the Parties to manage the sequencing of discovery. If the Parties specifically want separate fact and expert discovery deadlines, the Parties should include them in this section of the Report.

7.   Whether the case should be bifurcated, *e.g.*, by trying the liability issues before the damages issues.

8.   Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for economy.

9.   Whether the Parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2.

10.  Whether the Parties intend to utilize any Alternative Dispute Resolution ("ADR") options set forth in Local Civil Rule 39.1.

11.  Any other suggestions for shortening or simplifying the case.

12.  The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Report. If the Parties will be proposing a trial date more than fourteen (14) months from the date of the filing of the Report, the Parties shall include in this section of the Report an explanation as to why the additional time is required. While the Court will attempt to accommodate the Parties' preferred trial date(s), the trial date will be set based on the Court's calendar. Additionally, the Court's preferred pretrial schedule is available for the Parties' review at https://www.wawd.uscourts.gov/judges/lin-procedures. If the Parties wish to deviate from the Court's preferred schedule, the Parties shall propose an alternative schedule and explain the specific need for that alternative schedule in this section of the Report.

13.  Whether the trial will be a jury or non-jury trial.

14. The number of trial days required. The Parties should plan for five (5) hours of testimony each day.

15. The names, addresses, and telephone numbers of all Trial Counsel.

16. The dates on which Trial Counsel may have conflicts or other complications to be considered in setting a trial date.

17. Whether any Party wishes to have a scheduling conference in advance of the Court's entry of a scheduling order in the case.

18. A certification that all Counsel and any *pro se* Parties have reviewed Judge Lin's Chambers Procedures, the Local Rules, General Orders, and the applicable Electronic Filing Procedures.

19. A certification that all Counsel and any *pro se* Parties have reviewed and complied with Judge Lin's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges.

\* \* \*

The Court notes further that Plaintiff captioned his status report as a "motion" (*see* Dkt. No. 43 at 1) and concluded it, in part, with a directive to "recuse yourself" (*id.* at 9). The Court is unclear as to whether Plaintiff indeed intended his status report to also serve as a motion for the voluntary recusal of the undersigned. If it is Plaintiff's intention to file such a motion, Plaintiff is advised that such motions are properly made pursuant to Local Civil Rule 3(f) and 28 U.S.C. §§ 144 and/or 455 and are adjudicated on the bases of those statutes.

## II. CONCLUSION

Accordingly, it is hereby ordered:

(1) Defendants' Joint Status Report (Dkt. No. 36) is STRICKEN. Defendants SHALL re-file their status report **no later than October 28, 2025.**

(2) Plaintiff's Status Report (Dkt. No. 43) is STRICKEN. Plaintiff SHALL re-file his status report, in accordance with the Court's instructions, **no later than October 28, 2025.**

Dated this 23rd day of October 2025.

Tana Lin
United States District Judge

ORDER ON STATUS REPORTS – 6