UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TROY T. SMITH,<br><br>                    Plaintiff,<br><br>   v.<br><br>SNOHOMISH COUNTY et al.,<br><br>                    Defendants. | CASE NO. 2:25-cv-00657-TL<br><br>ORDER ON SERVICE-RELATED MOTIONS |

This matter is before the Court on Plaintiff Troy T. Smith's Motion for Extension of time to serve Defendants (Dkt. No. 47) and Defendant Snohomish County's ("the County") Cross-Motion to Dismiss for Failure to Serve (Dkt. No. 52). Having reviewed the motions, Plaintiff's response to the County's Cross Motion (Dkt. No. 54), and the relevant record, the Court GRANTS Plaintiff's motion and DENIES the County's motion.

### I.   BACKGROUND[1]

On April 11, 2025, Plaintiff, proceeding pro se, filed a complaint against the County, the City of Everett ("the City"), and 50 J. Doe Defendants. Dkt. No. 1. On July 8, 2025, Plaintiff

---

[1] This section does not discuss motion practice that is irrelevant to the instant motion. *See, e.g.*, Dkt. Nos. 15, 37, 38, 44 (Plaintiff's motions); Dkt. No. 29 (County's motion).

1    moved to amend his complaint (Dkt. No. 4), and on July 10, 2025, the Court granted the motion

2    (Dkt. No. 6). Plaintiff, however, never filed an amended complaint, and his original pleading

3    remains the operative complaint in this case. On July 8, 2025, Plaintiff filed an affidavit of

4    service, signed by a process server, indicating that a summons had been served at "City of

5    Everett of Snohomish County, prosecutor office," on July 7, 2025. Dkt. No. 5 at 1–2. On July 17,

6    2025, counsel for the County entered an appearance (Dkt. No. 7), and on July 25, 2025, counsel

7    for the City entered an appearance (Dkt. No. 13).

8        On July 24, 2025, the County filed a Motion for a More Definitive Statement pursuant to

9    Federal Rule of Civil Procedure 12(e). Dkt. No. 11. On August 29, 2025, the Court denied the

10   motion. Dkt. No. 24. After the Court denied the Rule 12(e) motion, the City and County filed

11   answers to the complaint, the City on September 8, 2025 (Dkt. No. 27), and the County on

12   September 9, 2025 (Dkt. No. 28). Both Defendants pleaded the affirmative defense of

13   insufficient service of process. *See* Dkt. No. 27 at 6 ¶ 6 (City); Dkt. No. 28 at 6 ¶ 6 (County).

14       On October 21, 2025, Plaintiff filed the instant motion for an extension, seeking an

15   additional 45 days to serve process. Dkt. No. 47. On October 30, 2025, the County filed an

16   opposition to Plaintiff's motion. Dkt. No. 52. The County's opposition included a cross-motion

17   to dismiss for insufficient service of process. *See id.* at 2–4.[2]

18                              II.    LEGAL STANDARD

19       Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90

20   days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—

21

---

[2] Plaintiff's petition to the Ninth Circuit for mandamus relief (Dkt. No. 55) does not automatically stay this case or divest this Court of jurisdiction. *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (9th Cir. 1995). For one thing, "the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending." *Id.* For another, the originating case of Plaintiff's petition is No. C24-288, not this one.

must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court also has broad discretion to extend the time to serve process, considering such factors such as the length of delay, "'prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)) (examining district court's unexplained denial of motion to dismiss based on insufficient service); *see also Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that courts may extend time for service even after the deadline has expired). Moreover, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

### III.   DISCUSSION

**A.   The County's Cross-Motion to Dismiss**

The County's motion must be denied. Such disposition is required by two provisions of Federal Rule of Civil Procedure 12. First, under Rule 12(g)(2), "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."[3] Second, under Rule 12(h)(1)(B)(i), "a party waives any defense listed in Rule 12(b)(2)–(5) by . . . failing to . . . make it by motion under this rule." "[A] party who makes a Rule 12(e) motion for a more definite statement may not thereafter assert by motion a Rule 12(b) defense that was available at the time of the initial motion." *Clark v. Assocs. Com. Corp.*, 149 F.R.D. 629, 632 (D. Kan. 1993); *see also* 2 Moore's Federal Practice – Civil § 12.21 ("Rule 12(g)'s consolidation requirement applies not only to Rule 12(b) defenses, but also to a motion

---

[3] Rule 12(h)(2) and (3) refer to defenses that are not at issue or applicable here.

1  for a more definite statement under Rule 12(e) and to a motion to strike under Rule 12(f).").

2  Here, on July 24, 2025, the County filed a Rule 12(e) motion for a more definitive

3  statement. Dkt. No. 11. In their motion, County asserted, "On July 8, 2025 Plaintiff filed a Proof

4  of Service . . . , stating under oath that Snohomish County and the City of Everett were served on

5  July 7." *Id.* at 2 (citing Dkt. No. 6). This is the only mention of service in the motion, however,

6  and it falls short of asserting that service was insufficient. The County thus: (1) filed a Rule 12

7  motion; that (2) did not assert the defense of insufficient service of process. Under Rule 12(g)(2)

8  and (h)(1)(B)(i), then, the County waived such a defense and cannot now assert it in a successive

9  Rule 12 motion.[4]

### B. Plaintiff's Motion for Extension

Plaintiff's motion consists of a caption and a perfunctory request: "[T]he Defence [*sic*] of Snohomish County wants to be properly served so i [*sic*] ask for this time to do so." Dkt. No. 47 at 1. As an initial matter, the Court recognizes Plaintiff's motion to be an implicit admission that, notwithstanding his earlier affidavit of service (Dkt. No. 5), Defendants have not, in fact, been properly served. More substantively, the Court agrees with the County that "Plaintiff's motion . . . offers nothing in the way of factual justification or explanation for his failure to properly serve Snohomish County in this case . . . ." Dkt. No. 52 at 3. Put differently, Plaintiff has not shown good cause for his failure to serve.

Absent a showing of good cause, extending the time to serve is within the Court's discretion. *See* Fed. R. Civ. P. 4(m). Here, the length of the delay—approximately three months

---

[4] County Defendants do not cite Rule 12(b)(5) in their motion, but a motion to dismiss for insufficient service of process is, regardless of how it is framed, a motion made under Rule 12(b)(5). *See Cooper v. Whatcom County*, No. C20-1196, 2021 WL 243399, at *2 (W.D. Wash. Jan. 25, 2021) (noting that "Rule 4(m) contains one of the substantive service requirements a party may raise in a Rule 12(b)(5) motion, but it is not a separate vehicle through which [a defendant] [is] required to make [their] motion").

ORDER ON SERVICE-RELATED MOTIONS – 4

passed between the lapsing of Plaintiff's deadline to serve in July and his filing for an extension in October—is not extraordinary or particularly egregious, especially given that both City and County clearly knew about the case and, indeed, have been actively litigating it. *See, e.g.*, *DiMaio v. County of Snohomish, Dep't of the Sheriff*, No. C17-128, 2017 WL 3288177, at *5 (W.D. Wash. Aug. 2, 2017) (three-month delay reasonable, given defendants' concession that they had actual notice of the suit). The County does not assert that it has been prejudiced by the delay and, in any event, "[p]rejudice requires greater harm than simply that relief would delay resolution of the case." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009). As discussed above, the City and County have had actual knowledge of this lawsuit since at least July, when their attorneys entered their respective appearances. *See* Dkt. Nos. 7, 13. And as to eventual service, this factor is neutral, as whether or not Plaintiff will properly effect service remains to be seen. On the balance, then, the *Efaw* factors point toward granting Plaintiff an extension.

## IV. CONCLUSION

Accordingly, Plaintiff's motion for extension (Dkt. No. 47) is GRANTED. Snohomish County's cross-motion to dismiss (Dkt. No. 52) is DENIED.

It is hereby ORDERED that Plaintiff SHALL effect service **no later than January 2, 2026.** If Plaintiff fails to properly serve Defendants by that date, this case will be dismissed without prejudice.

Dated this 3rd day of December 2025.

Tana Lin
United States District Judge