UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TROY T. SMITH,

                Plaintiff,

      v.

SNOHOMISH COUNTY et al.,

                Defendants.

CASE NO. 2:25-cv-00657-TL

ORDER OF DISMISSAL

This matter is before the court on Defendants' unopposed Motion to Dismiss. Dkt. No. 63. Having reviewed the motion and the relevant record, the Court GRANTS the motion.

On October 21, 2025, Plaintiff filed a motion seeking a 45-day extension to serve process on Defendants. Dkt. No. 47. On December 3, 2025, the Court granted Plaintiff's motion. Dkt. No. 58. The Court ordered Plaintiff to effectuate service no later than January 2, 2026. *Id.* at 5. In its order, the Court cautioned that should "Plaintiff fail[] to properly serve Defendants by that date, this case will be dismissed without prejudice." *Id.* Plaintiff did not effectuate service by January 2, 2026, and, as of the date of this Order, has still not properly served Defendants.

ORDER OF DISMISSAL – 1

On January 16, 2026, Defendants filed the instant motion to dismiss, asserting that "Plaintiff has failed to comply with the Court's Order and did not effect service as required." Dkt. No. 63 at 2. Plaintiff did not oppose Defendants' motion. Instead, on January 29, 2026, Plaintiff filed a motion for leave to file an amended complaint (Dkt. No. 65) and another motion to extend his deadline to serve Defendants (Dkt. No. 66).

**A.      Plaintiff's Non-opposition to Defendants' Motion**

Under Local Civil Rule 7(d)(4), a motion to dismiss is a 28-Day Motion. With respect to 28-Day Motions, "[a]ny response shall be filed and received by the moving party no later than 21 days after the filing date of the motion." LCR 7(d)(4). Here, Defendants filed their motion to dismiss on January 16, 2026. Dkt. No. 63. Plaintiff's deadline to respond was thus February 6, 2026. Plaintiff has not filed a response.

Under Local Civil Rule 7(b)(2), "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Neither of Plaintiff's January 29, 2026, motions—the motion for leave to amend under Federal Rule of Civil Procedure 15 (Dkt. No. 65) and the motion for an extension of time to effect service under Federal Rule of Civil Procedure 4 (Dkt. No. 66)—responds to Defendants' motion to dismiss. Pursuant to Local Civil Rule 7(b)(2), then, the Court deems Plaintiff's unresponsiveness as an admission that Defendants' motion has merit. *See, e.g.*, *Shank v. Guild Mortg. Co.*, No. C25-1366, 2025 WL 3170937, at *1 (W.D. Wash. Nov. 13, 2025); *Coleman v. Brand*, No. C23-6135, 2024 WL 3326369, at *1 (W.D. Wash. July 8, 2024).

**B.      Plaintiff's Failure to Comply with Court Orders**

Even if Defendants had not filed their motion to dismiss, Plaintiff's noncompliance with the Court's January 2 deadline to effect service provides independent grounds for *sua sponte*

dismissal. Plaintiff's noncompliance with the Court's order is not the first time Plaintiff has neglected to follow this Court's instructions. On July 8, 2025, Plaintiff filed a motion to amend his complaint (Dkt. No. 4), which the Court granted on July 10, 2025 (Dkt. No. 6). The Court directed Plaintiff to file an amended complaint no later than July 17, 2025. Dkt. No. 6 at 2. Plaintiff, however, did not file an amended complaint before the deadline. As he did not timely file an amended complaint (despite moving for and obtaining an order to be able to do so), the case proceeded with the operative (his original) complaint. Plaintiff is proceeding pro se but, nonetheless, "it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).

A "Court may *sua sponte* dismiss an action '[i]f the plaintiff fails to prosecute or to comply with . . . a court order.'" *Stone v. City of Tucson*, 249 F.R.D. 326, 327 (D. Ariz. 2008) (quoting Fed. R. Civ. P. 41(b) and citing *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) *sua sponte* . . . .")). But "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Therefore,

> [i]n determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). The Court will discuss these factors in turn.

ORDER OF DISMISSAL – 3

### 1.      The Public's Interest in Expeditious Resolution of Litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F. 3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) (internal quotation marks omitted). Given that Plaintiff first filed this case more than 10 months ago (*see* Dkt. No. 1 (complaint)) and has still not served Defendants, this factor weighs in favor of dismissal. *See, e.g.*, *Pagtalunan*, 291 F.3d at 642 (finding factor weighed in favor of dismissal where plaintiff "failed to pursue the case for almost four months").

### 2.      The Court's Need to Manage Its Docket

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's case "has consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* Over the course of Plaintiff's (non)-prosecution of this case, Plaintiff has filed multiple miscellaneous motions seeking various forms of relief. *See, e.g.*, Dkt. Nos. 15 (Motion and Request to Take a Specific Action); 37 (Motion for Oral Argument); 38 (Motion to Compel Fair Disclosure); 44 (Motion to Vacate Joint Status Report); 47 (Motion for Extension of Time); 61 (Motion Objecting). The Court has duly considered each submission and dedicated substantial resources to resolving them, at the expense of consideration of other litigants and other cases. But given Plaintiff's failure to serve Defendants and properly prosecute his case, this matter has never gotten off the ground, and the Court's efforts have been rendered futile. Therefore, this factor weighs in favor of dismissal.

### 3.      The Risk of Prejudice to Defendants

"The Ninth Circuit has affirmed dismissal even where 'no specific showing of prejudice to defendants is made' given that 'the integrity of the district court is involved.'" *Stone*, 249 F.R.D. at 328 (quoting *Henderson*, 779 F.2d at 1425). "Where the issue involves disregard of

'deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative.'" *Id.* (quoting *Henderson*, 779 F.2d at 1425). Here, the Court warned Plaintiff that his case would be dismissed if he did not serve Defendants before January 2, 2026. Dkt. No. 58 at 5. Moreover, Plaintiff has provided no reason for his failure to serve Defendants. Indeed, his original motion seeking an extension of time was little more than a caption; Plaintiff offered no explanation as to why he needed the additional time. *See* Dkt. No. 47 at 1. Yet even with a deficient motion for extension, the Court gave Plaintiff the benefit of the doubt, granted his motion, and provided him with the additional time he requested to serve the complaint. Dkt. No. 58. Despite being given the additional time he requested, Plaintiff still failed to serve the complaint. And while Plaintiff has once again requested additional time for service (Dkt. No. 66), Plaintiff filed the motion 27 days after the deadline for service, with no explanation as to why he could not file the request for additional time before the deadline passed, or why additional time is once again needed for service. "The law presumes injury from unreasonable delay." *Stone*, 249 F.R.D. at 328 (citing *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994)). Therefore, this factor weighs in favor of dismissal.

### 4.    Availability of Less Drastic Alternatives

"The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. The Court has treated Plaintiff leniently thus far. The Court overlooked Plaintiff's abandonment of his amended complaint and summarily granted his motion for an extension, despite having been provided no basis for doing so. Still, Plaintiff has not responded to the Court's permissiveness beyond requesting additional delay without any justification, and at this stage in the proceedings, there are few, if any, sanctions available beyond dismissal. Therefore, this factor weighs in favor of dismissal.

**5.    Public Policy Favoring Disposition on the Merits**

"Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal." *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

*        *        *

"The only factor weighing against dismissal, public policy favoring dismissal on the merits, is outweighed by the remaining four factors which favor dismissal." *Stone*, 249 F.R.D. at 329. Therefore, although the Court does not take this action lightly, the Court finds dismissal without prejudice appropriate here. *See Yourish*, 191 F.3d at 990 ("We 'may affirm a dismissal where at least four factors support dismissal, . . . or where at least three factors strongly support dismissal.'") (internal citations omitted).

## II.    CONCLUSION

Accordingly, this case is DISMISSED WITHOUT PREJUDICE. It is hereby ORDERED:

(1)    Plaintiff's Objection (Dkt. No. 61) is DENIED AS MOOT;

(2)    Defendants' Motion to Dismiss (Dkt. No. 63) is GRANTED;

(3)    Plaintiff's Motion for Leave to Amend (Dkt. No. 65) and Motion for Extension of Time (Dkt. No. 66) are DENIED AS MOOT;

(4)    The Clerk is DIRECTED to close this case.

Dated this 10th day of February 2026.

Tana Lin
United States District Judge

ORDER OF DISMISSAL – 6