UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TROY T. SMITH,

Plaintiff,

v.

SNOHOMISH COUNTY et al.,

Defendants.

CASE NO. 2:25-cv-00657-TL

ORDER ON RULE 60 MOTION

This matter is before the Court on Plaintiff's Motion to Re-open Case and for Post-Judgment Relief. Dkt. No. 70. Defendants City of Everett ("City") and Snohomish County ("County") have not responded to the motion. Having considered the motion and the relevant record, the Court GRANTS the motion.

## I. BACKGROUND

On December 3, 2025, the Court ordered Plaintiff to serve process on Defendants no later than January 2, 2026. Dkt. No. 58 (Order on Service-Related Motions) at 5. The Court cautioned,

"If Plaintiff fails to properly serve Defendants by that date, this case will be dismissed without prejudice." *Id.*

Plaintiff did not effectuate service before the deadline, but on January 29, 2026, he filed a motion for leave to file an amended complaint (Dkt. No. 65) and a motion to retroactively extend the January 2, 2026, deadline to serve Defendants (Dkt. No. 66). Within Plaintiff's proposed Amended Complaint (Dkt. No. 65-1), Plaintiff included proof of service that purported to indicate that he had served both Defendant City and Defendant County on January 29, 2026. *See id.* at 13–17.

On February 10, 2026, the Court *sua sponte* dismissed this case without prejudice, entered judgment, and directed the Clerk to close the matter. Dkt. Nos. 68 (order of dismissal), 69 (judgment). The Court denied as moot the pending motions to amend and to extend the service deadline. *See* Dkt. No. 68 at 6. As grounds for the dismissal, the Court cited "Plaintiff's noncompliance with the Court's January 2 deadline to effect service" and noted that "Plaintiff's noncompliance with the Court's order [wa]s not the first time Plaintiff ha[d] neglected to follow this Court's instructions." Dkt. No. 68 at 2–3. The Court considered the five factors that Ninth Circuit courts "must weight" when "determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see* Dkt. No. 68 at 4–6.

On February 19, 2026, Plaintiff filed the instant motion, seeking relief under Federal Rule of Civil Procedure 59 and 60. Dkt. No. 70.

## II. Legal Standard

Under Federal Rule of Civil Procedure 60(b)(1), a court may relieve a party from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect." The term "excusable neglect" "covers cases of negligence, carelessness and inadvertent mistake." *Bateman*

*v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000); *see Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 380–81 (9th Cir. 1997)). Courts use a four-factor "equitable test" to determine whether neglect is excusable under Rule 60(b)(1). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones*, 116 F.3d at 381. The four factors of the so-called "*Pioneer* test" are: "(1) the danger of prejudice to the non-moving party; (2) the length of the filing delay and its potential impact on the proceedings; (3) the reason for the filing delay; and (4) whether the moving party acted in good faith." *Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016) (citing *Pioneer*, 507 U.S. at 395). "A district court must fully consider these factors in every case; [the Ninth Circuit] ha[s] explicitly rejected per se rules for determining whether a mistake is excusable." *Id.* Still, the "four enumerated factors . . . are not an exclusive list." *Garden v. City of Los Angeles*, No. 20-56192, 2021 WL 5823711, at *2 (9th Cir. Dec. 9, 2021). "[T]he determination of whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Briones*, 116 F.3d at 382 (quoting *Pioneer*, 507 U.S. at 395).

## III. Discussion

Plaintiff argues that "the Court should accept amended proof of service under Rule 4(l)(3) to convert service evidence into court-usable proof." Dkt. No. 70 at 6. This appears to be a reference to the proof-of-service that Plaintiff filed along with his proposed First Amended Complaint on January 29, 2026. *See* Dkt. No. 65-1 at 13–17. Federal Rule of Civil Procedure 4(l)(3) provides that "[t]he court may permit proof of service to be amended." But the issue here is not the *fact* of service, it is the *time* of service which, even if effectuated on January 29, 2026, as Plaintiff's proof of service indicates, was 27 days late. Plaintiff suggests that the untimely service is the result of "excusable neglect" and that, in any event, he has "cure[d]" the untimely service. Dkt. No. 70 at 6–7.

The Court will examine the four *Pioneer* factors. As to the first factor, Plaintiff asserts that "[r]eopening [the case] imposes no unfair prejudice because Defendants receive full notice and the case can proceed on an efficient schedule." Dkt. No. 70 at 7. The Court agrees with Plaintiff that, because Plaintiff has served Defendants, Defendants do indeed have full notice of this lawsuit. Moreover, given Defendants' participation in this case to this point, Defendants cannot plausibly claim that they are unaware of the proceedings. Indeed, both Defendant City and Defendant County have filed responsive pleadings in this case. *See* Dkt. Nos. 27, 28. And "los[ing] a quick victory . . . is insufficient to justify denial of relief under Rule 60(b)(1)." *Bateman*, 231 F.3d at 1225. This factor weighs in Plaintiff's favor. As to the second factor, as discussed above Plaintiff's effectuation of service was 27 days late. This is a relatively short delay. *See, e.g.*, *Reynolds v. Princeton Prop. Mgmt., Inc.*, No. C16-1935, 2017 WL 2960553, at *1 (D. Or. June 14, 2017) ("four to five week[]" delay in serving defendants "had little if any effect on the proceedings"). This factor weighs in Plaintiff's favor. As to the third factor, Plaintiff does not provide any reason for his failure to meet the Court's deadline. This factor weighs against Plaintiff. And as to the fourth factor, Plaintiff's lack of an excuse does not by itself constitute bad faith, and there is nothing in the record to indicate that he missed the deadline because of a willful or devious motive. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) ("[S]imple carelessness is not . . . inexcusable[.]"). In a separate declaration, Plaintiff avers that his "filing or service errors were unintentional, the product of oversight and procedural complexity, and not an attempt to delay or evade compliance." Dkt. No. 72 at 67 (Plaintiff Decl.). The Court takes this assertion at face value but cautions Plaintiff that "pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Still, this factor weighs in Plaintiff's favor.

Having considered the *Pioneer* factors, the Court concludes that Plaintiff's failure to timely serve Defendants was the result of excusable neglect.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Re-open Case and for Post-Judgment Relief (Dkt. No. 70) is GRANTED. It is hereby ORDERED:

(1) The Clerk is DIRECTED to re-open the case.

(2) The operative pleadings in this matter SHALL be Plaintiff's complaint (Dkt. No. 1) and the Municipal Defendants' respective Answers (Dkt. Nos. 27 (Defendant City), 28 (Defendant County)).

(3) The Parties SHALL meet and confer, subject to the Court's Order at Docket No. 40, and submit to the Court a joint status report and proposed case schedule, **no later than October 19, 2026.** The report SHALL include the Parties' position(s) on whether the Court should re-note Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. No. 65) and, if so, a proposed briefing schedule for the motion.

Dated this 18th day of September 2026.

Tana Lin
United States District Judge